IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADETTE TSOSIE, Individually and
As Administrator for the Estate
Of IRENE BEKIS BEGAY, Deceased,

  Plaintiffs,

vs.              No.

THE UNITED STATES OF AMERICA,

  Defendant.

## COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH [ARISING UNDER THE FTCA]

  Plaintiffs, by and through their attorneys of record, Theodore W. Barudin [BARUDIN LAW FIRM, P.C.] and James S. Bromberg, MD, JD, and for their complaint against the Defendant, state and allege:

### I. PARTIES AND JURISDICTION

  1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA") for medical negligence resulting in a wrongful death at the Northern Navajo Medical Center operated as an Indian Health Services medical facility located in Shiprock, New Mexico, by the United States of America through the Department of Health and Human Services.

  2. Irene Bekis Begay was an enrolled member of the Navajo Nation, a federally recognized tribe of Indians, and was a resident and citizen of Shiprock, Navajo Nation, New Mexico. Plaintiff decedent died on April 7, 2012.

3. Bernadette Tsosie is the sole daughter of Irene Bekis Begay and is a resident and citizen of Gallup, New Mexico, County of McKinley, State of New Mexico and is the duly appointed Personal Representative of the Estate of Iris Bekis Begay as ordered by the Eleventh Judicial District Court, D-1113-CV-20-13-223-7, on June 10, 2013.

4. Defendant, United States of America, through its agents, employees, and through the Department of Health & Human Services, Public Health Service, and Indian Health Service, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled the Northern Navajo Medical Center in Shiprock, New Mexico, where all claims of negligence arose.

5. The claims for which Plaintiffs sue herein arose from the acts and omissions of Defendant as alleged herein all occurring within the State of New Mexico.

6. If the Defendant was a private person, it would be liable to the Plaintiffs in accordance with the laws of the State of New Mexico.

7. On July 25, 2013, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of Health and Human Services, Public Health Service/Indian Health Service, pursuant to 28 U.S.C. §2675(a). Said agencies have failed to make a final disposition of Plaintiffs' claims within six months of presentation to Defendant. Plaintiffs deem such failure to be a denial of their claims as provided by the FTCA.

8. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000.00.

9.     To serve the predominately Native American population of Northern Arizona and Western New Mexico, the United States Public Health Service/Indian Health Service (hereinafter "PHS/IHS") operates and maintains the Northern Navajo Medical Center, Shiprock, New Mexico where medical services are provided to qualifying members of the Native American community.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.    Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 9 as though fully recited at length herein.

11.    On or about December 13, 2011, Ms. Bekis-Begay was evaluated at the George Washington University Medical Center in Washington, D.C., where a diagnosis of uncomplicated cholelithiasis (gallstones) was made.  The physician at GW recommendation follow up with Ms. Begay's primary physician in New Mexico.

12.    On January 31, 2012, Ms. Begay presented to NNMC for further evaluation.  NNMC medical staff recommended that Ms. Begay undergo elective cholecystectomy (surgical removal of the gall bladder).

13.    On February 27, 2012, Ms. Bekis-Begay came to NNMC for laparoscopic cholecystectomy by Dr. Laura Higgins.  Immediately after surgery, Ms. Bekis began to develop signs of end organ dysfunction.

14.    By February 29, 2012, Ms. Begay had developed signs and symptoms of sepsis with multisystem organ dysfunction (MOSF).  She also suffered from persistent severe post-operative abdominal pain, abdominal distension, and an absence of normal bowel sounds.  Rather than offer appropriate medical therapy for her life threatening surgical complications, the doctors and nurses at NNMC labeled Ms. Begay as "needy

and uncooperative," and told her that if she would only take deep breaths she would be fine.

15. Over the next two weeks, Ms. Begay developed pulmonary, renal, cardiovascular, and neurologic failure. She required mechanically assisted ventilation to get oxygen into her body and intravenous infusion of vasopressor drugs to maintain her blood pressure.

16. Ms. Begay developed a duodenal stress ulcer which perforated, and on March 9, 2012, was subjected to a second abdominal surgery to repair the hole in her bowel.

17. By March 10, 2012, Ms. Begay was suffering from anasarca (massive whole body edema, or swelling) and blistering with multiple cold toes and purplish discoloration.

18. Ms. Begay was finally transferred to the University of New Mexico Hospital on March 18, 2012. Unfortunately, she was by then in critical condition, and it was unlikely she would survive the many severe complications of surgery and incompetent medical care at NNMC.

19. Despite their best efforts, the doctors and nurses at UNM were unable to save Ms. Begay. She was declared brain dead, and on the evening of April 7, 2012, with family gathered at her bedside, she was taken off the mechanical ventilator at 5:30 p.m. Ms. Bekis-Begay died at 8:08 pm due to sepsis, septic shock, and MOSF.

## COUNT I

### MEDICAL NEGLIGENCE AGAINST DEFENDANT
### THE UNITED STATES OF AMERICA

20. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 19 as though fully recited at length herein.

21. At all times material hereto, the relationship of medical provider-patient existed between Irene Bekis-Begay and the physicians at the Northern Navajo Medical Center, and other treating physicians and medical personnel.

22. Pursuant to the provision of the Federal Tort Claims Act, Defendant United States of America is liable for the negligent acts, omission, and errors of its employees or agents acting with in the scope of their duties, as well as liable for any and all independent contractors who may be employed and under the control and direction of Defendant at its medical facilities.

23. At all times pertinent hereto, and as to all acts alleged herein, the physicians and other medical providers and personnel were employees or agents of Defendant, acting within the scope of their duties, and otherwise acting with the full knowledge and consent of Defendant.

24. Defendant is therefore vicariously liable for the negligent acts of the physicians at Northern Navajo Medical Center and other medical personnel as alleged herein.

25. Defendant owed the decedent the duty to provide medical care of a nature and quality that was appropriate for a patient such as Irene Bekis Begay.

26. In treating and caring for Irene Bekis Begay, Defendant failed to exercise ordinary care, and this failure proximately resulted in the death of Irene Bekis Begay.

Among other things, Defendant's employees at Northern Navajo Medical Center, whose conduct Defendant is liable were negligent, without limitation, in the following regards:

A.  Failure to possess and apply the knowledge, skill, and care of a reasonably well qualified practitioner under similar circumstances;

B.  Failure to use reasonable care when offering medical services, including but not limited to examination, assessment, diagnosis, referral, consultation, transport, medical and other treatment, surgical operations, and other invasive procedures to Irene Bekis-Begay;

C.  Failure to use ordinary care in developing, adopting, and enforcing policies and procedures necessary for the safe and effective delivery of health care services at an acute care inpatient hospital facility, including but not limited to credentialing of Hospital and Medical Staff; hiring, retention, and supervision of Hospital and Medical Staff; and assuring Quality Improvement, in a way that comports with national standards of care, including those set forth in JCAHO Standards, Medicare Conditions of Participation, and New Mexico Dept. of Health regulatory requirements.

27.  As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Irene Bekis-Begay died on April 7, 2012.

## COUNT II

## LOSS OF CHANCE

28.  Plaintiffs reallege Paragraphs 1 through 27 as though fully recited at length herein.

29.  Plaintiffs invoke the doctrine of Loss of Chance as allowed and recognized under New Mexico law.

30. As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Irene Bekis-Begay died on April 7, 2012.

WHEREFORE, Plaintiffs pray for an award of damages sufficient to fully compensate Plaintiffs for all the injuries and damages described herein, for pre and post judgment interest, for taxable costs, and for such other further relief as the Court may deem proper.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

*Electronically signed and filed 7-23-14*
By: Theodore W. Barudin
7900 Menaul Blvd NE
Albuquerque NM  87110-4606
(505) 332-1800
Barudinlaw@aol.com

And

James L. Bromberg, MD, JD
39 Fleetfoot
Tijeras, New Mexico 87059
(505) 392-0431
james@brombergmdjd.com

*Attorneys for Plaintiffs*